This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                  **No. A-1-CA-36143**

**HAVEN HUMBLES,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1} Defendant Haven Humbles challenges the sufficiency of the evidence to support his jury convictions for one count of battery upon a peace officer and two counts of

resisting, evading, or obstructing an officer. [DS 2; RP 142-44, 148-50] Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded. We, therefore, affirm.

{2} In our notice of proposed disposition, we set forth the jury instructions given in this case, recounted the evidence presented at trial, and proposed to conclude that there was sufficient evidence to support Defendant's convictions. [CN 2-7] In response, Defendant maintains that there was insufficient evidence to support his convictions. [MIO 1] Specifically, Defendant denies that he intentionally kicked Officer Wickens, asserts that Officer Wickens was not performing the duties of a peace officer at the time that the alleged kicking occurred, and claims that Officer Wickens was acting outside the scope of his authority when he "shoved [Defendant] into the police car." [MIO 1-2] Additionally, Defendant contends that neither Officer Wickens nor Officer White were in the "lawful discharge of duty" when they arrested him. [MIO 2]

{3} As we stated in our notice of proposed disposition, when reviewing for the sufficiency of the evidence, this Court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all

conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (alteration, internal quotation marks, and citation omitted). We do not reweigh the evidence on appeal. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("[An appellate] court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)). Additionally, the jury is free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. McGhee*, 1985-NMSC-047, ¶ 17, 103 N.M. 100, 703 P.2d 877 ("The determination of the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the trier of fact.").

{4} Viewing the evidence we set forth in our notice of proposed disposition under the principles described above, we conclude that there was sufficient evidence to support Defendant's convictions.

{5} Based on the foregoing, we affirm.

3

{6}     **IT IS SO ORDERED.**

                      _____

                      **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**HENRY M. BOHNHOFF, Judge**